[Crim. No. 3173.   First Dist., Div. One.   Feb. 10, 1956.]

THE PEOPLE, Respondent, v. MALCOLM R. SCHLETTE, Appellant.

Cornish & Cornish for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Defendant, convicted of a violation of section 447a, Penal Code, setting fire to and burning "the dwelling house and shop of Frances M. Schlette," has appealed. Frances was his wife at the time. The house and shop constituted community property acquired since 1927. ▮ Over his objection, predicated upon section 1322 of the Penal Code, the wife was allowed to testify against him. This is assigned as prejudicial error.

Defendant claims this could not be a "crime committed by one [the husband, in this case] against the . . . property of the other [the wife, in this case]" (§ 1322) because, although she had an ownership interest in, he had the management of, the community property and the power to destroy it by burning, chopping or other physical means, with impunity insofar as she was concerned. He predicates this element of control upon the provisions of sections 172 and 172a of the Civil Code. He claims that his control of real property is limited only by the requirement that the wife join him when it is "leased for a longer period than one year, or is sold, conveyed, or encumbered" (§ 172a) and that his control of personal property is limited only by the restriction that "he cannot make a gift of" it "or dispose of the same without a valuable consideration, or sell, convey, or encumber the furniture, furnishings, or fittings of the home, or the clothing or wearing apparel of the wife or minor children that is community, without the written consent of the wife." (§ 172.)

This reflects too narrow a view of these statutory limitations. They are specific limitations imposed upon the husband as manager of the common property. They were not intended to and do not extinguish duties and responsibilities which are inherent in any such relationship. ▮ "The position of the husband, in whom the management and control of the entire community estate is vested by statute . . ., has been frequently analogized to that of a partner, agent, or fiduciary. . . . It is clear that, being a party to the confidential relationship of marriage, the husband must, for some purposes at least, be deemed a trustee for his wife in respect to their common property." (*Fields* v. *Michael*, 91 Cal.App.2d 443, 447 [205 P.2d 402].) Even before the 1927 addition of section 161a to the Civil Code, declaring that the respective interests of the husband and wife in community property are "present, existing and equal interests" under the management and control of the husband, it was held that "during the continuance of the marriage rela-

tion the wife may resort to appropriate judicial remedies to protect and safeguard the community property against the inconsiderate and fraudulent acts of the husband. (*McKay* v. *Lauriston,* 204 Cal. 557, 564 [269 P. 519].)'' (*Johnson* v. *National Surety Co.,* 118 Cal.App. 227, 230 [5 P.2d 39].)

We are convinced that the wife, as an owner of property against which the crime was committed, was eligible to testify.

Persuasive of this view is the rationale of the decision in *In re Kellogg,* 41 Cal.App.2d 833 [107 P.2d 964], holding the husband of the defendant eligible to testify against her in an action charging her with theft of funds from their joint tenancy bank account. Also, the court in the Kellogg case appropriately distinguished *State* v. *Kephart,* 56 Wash. 561 [106 P. 165, 26 L.R.A.N.S. 1123], a case heavily relied upon by the defendant in this case.

Defendant relies also upon a statement in *United States* v. *Robbins,* 269 U.S. 315, 327 [46 S.Ct. 148, 70 L.Ed. 285], that the husband, as owner and manager of the community property may spend it substantially as he chooses, ''and if he wastes it in debauchery the wife has no redress. See *Garrozi* v. *Dastas,* 204 U.S. 64 [27 S.Ct. 224, 51 L.Ed. 369].'' That statement was uttered in respect to community property acquired before 1917; the quoted portion was *obitur dictum*; and the case cited was interpretive of the community property law of Puerto Rico. It has no application to the facts or the law of the instant case.

The judgment and the order denying a new trial are affirmed.

Peters, P. J., and Bray, J., concurred.