**Application of Louis David LYDA
For a Writ of Habeas Corpus.
Civ. No. 7588.**

United States District Court
N. D. California, N. D.
July 17, 1957.

Louis David Lyda, in pro. per.
No appearance for respondent.

HALBERT, District Judge.

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging his custody by the Warden of the California State Prison at Folsom, in which said prison he is presently held in custody under the authority of a commitment issued by the Superior Court of the State of California, in and for the County of Merced. It is obvious, therefore, that petitioner is a State prisoner and not a prisoner under any Federal law.

From the allegations in the petition, it is clear that petitioner has satisfied the jurisdictional prerequisites to proceeding

in this Court under Title 28 U.S.C.A. § 2254 (See: Application of Meek, D.C., 138 F.Supp. 327). Such being the case, the application is properly presented to this Court for a ruling on its merits, and it will thus be considered.

Petitioner alleges that he was denied due process of law under the Fourteenth Amendment to the Constitution of the United States because he was not represented by counsel at a preliminary examination on a charge that he had violated § 4532 of the California Penal Code. Petitioner asserts that he was not informed of his right to counsel at the preliminary examination, and that the Judge presiding at the preliminary examination refused to appoint counsel for petitioner after petitioner had made a request to that effect. Thereafter, petitioner was tried and found guilty of the offense charged, and, allegedly, is presently confined for that offense (violation of § 4532, supra). The petition is devoid of any allegations that petitioner's trial was, in any way, conducted in an unfair manner. However, petitioner contends that:

(1) The trial court was without jurisdiction to proceed on the information since it was based on an irregular preliminary examination; and

(2) The denial of counsel at the preliminary examination amounted to a denial of due process of law under the Federal Constitution.

■■ It is fundamental that unless the errors and irregularities alleged to have been committed under the State practice are so flagrant as to amount to a violation of some right guaranteed by the Federal Constitution, no Federal question cognizable in this Court is presented in a habeas corpus proceeding (Buchalter v. People of State of New York, 319 U.S. 427, 429–430, 63 S.Ct. 1129, 87 L.Ed. 1492). Furthermore, under the California law, the failure to move to set aside the information under § 995 of the California Penal Code, constitutes a waiver of any objections based on the irregularities or defects at the preliminary exam-

ination so that they may not be raised for the first time in a habeas corpus proceeding (Penal Code § 996; In re Berry, 43 Cal.2d 838, 844, 279 P.2d 18, and cases therein cited). Therefore, petitioner's case in this Court must either stand or fall on the issue of whether the alleged denial of his right to counsel at the preliminary examination, by itself, violated the due process clause of the Fourteenth Amendment.

■ The Fourteenth Amendment to the Constitution does not necessarily guarantee the right to counsel to every person accused of crime in the State Courts (Betts v. Brady, 316 U.S. 455, 462, 473, 62 S.Ct. 1252, 86 L.Ed. 1595). Nor do the specific provisions of the Fifth and Sixth Amendments (as they are applied to Federal Criminal Procedure) require that an accused person be afforded the right to counsel at a preliminary examination (Burall v. Johnston, 9 Cir., 146 F.2d 230). Indeed, it is only where the disadvantages flowing from the denial of counsel are aggravated by circumstances showing that the accused was subjected to a trial fundamentally lacking in fairness and traditional safeguards, that a violation of the due process clause of the Fourteenth Amendment is established (Betts v. Brady, supra; Townsend v. Burke, 334 U.S. 736, 739, 68 S.Ct. 1252, 92 L.Ed. 1690; Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed. 127; and Gibbs v. Burke, 337 U.S. 773, 780–782, 69 S.Ct. 1247, 93 L.Ed. 1686). The allegations of the instant petition fail to present a Federal question within this rule.

■■ Under the provisions of Title 28 U.S.C.A. § 2241(c) (3) this Court can entertain a proceeding for a writ of habeas corpus by a prisoner in the custody of State officials pursuant to the judgment of a State Court, such as petitioner is, only if such custody is in violation of the Constitution or laws or treaties of the United States (Sampsell v. People of State of California, 9 Cir., 191 F.2d 721, and Odell v. Hudspeth, 10 Cir., 189 F.2d 300). No such situation is made to ap-

pear by petitioner in the petition, which he has filed in this proceeding.

It Is Therefore, Ordered that petitioner's petition for a writ of habeas corpus be, and the same is, hereby dismissed.