**UNITED STATES of America,**

v.

**John G. DUDLEY, Defendant.**

United States District Court
S. D. New York.

Sept. 19, 1957.

Paul W. Williams, U. S. Atty., New York City, by Earl J. McHugh, Asst. U. S. Atty., New York City, for the United States.

John G. Dudley, petitioner, pro se.

WEINFELD, District Judge.

The petitioner, appearing pro se, moves pursuant to 28 U.S.C. § 1915 for an order granting him leave to appeal in forma pauperis from a judgment of conviction upon a narcotics charge. He was sentenced to the minimum mandatory term as a second offender (21 U.S.C.A. § 174). The Government opposes his application as not made in good faith and contends there is a complete absence of any error in the conduct of the trial or of any violation of the defendant's rights.

No request has been made for the appointment of counsel to represent petitioner on his application; neither has he indicated that he insists upon acting as his own lawyer. Nonetheless, the Court is of the view that the proper protection of his interests requires the assignment of counsel to aid him. While the direct holding in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, is that one appealing from a trial court's order denying him leave to appeal in forma pauperis is entitled to have the Court of Appeals appoint counsel to aid him in the presentation of his appeal, I am of the view that the scope and the spirit of the holding also re-

quire the trial court to appoint counsel to assist petitioner in connection with an application under Section 1915. Indeed, if the trial court should certify that the appeal "is not taken in good faith" its certification would carry great weight with the Court of Appeals; accordingly, there is more compelling reason for providing petitioner with legal representation in his initial effort to obtain the in forma pauperis order.

The Court appoints Barry Garfinkel, Esq. and Maurice N. Nessen, Esq. to represent petitioner. The United States Attorney is requested to submit to the appointed attorneys copies of petitioner's application and the affidavit submitted in opposition thereto. The Court has retained its original trial notes which comprehensively summarize the testimony of the witnesses and these also will be made available to the attorneys. If they desire to be heard orally in support of petitioner's application, the matter may be noticed for argument upon three days notice to the United States Attorney.

Settle order on notice.