**Malcolm R. SCHLETTE, Petitioner,**

**v.**

**Marion R. KING, Superintendent of the California Medical Facility, Vacaville, California, et al., Respondents.**

United States Court of Appeals
Ninth Circuit.

April 4, 1958.

Malcolm R. Schlette, Represa, Cal., in pro. per., petitioner.

Edmund G. Brown, Atty. Gen., Doris H. Maier, Deputy Atty. Gen., State of California, for respondents.

Before STEPHENS, Chief Judge, and ORR and HAMLEY, Circuit Judges.

PER CURIAM.

Petitioner was convicted of arson in a California Court. For some reason, apparently not relevant here, he was incarcerated in an institution designated as "California Medical Facility."

At all times relating to the order of the United States District Court from which petitioner seeks to appeal (an order denying the writ of habeas corpus), petitioner was incarcerated in a California State Prison. The "Facility" and the prison are situated in the same United States Judicial District, and no point of venue is raised.

Petitioner sought the issuance of the writ of habeas corpus from the United States District Court, and an order to show cause was issued. Thereafter the show cause order was discharged, and the writ was denied.

Petitioner seeks to appeal, and the District Court has refused to issue a certificate of probable cause and of good faith (28 U.S.C. § 2253) and has denied petitioner the privilege of appealing in forma pauperis. Petitioner here petitions that the certificate be issued and that he be permitted to appeal in forma pauperis.

We have given the petition more than usual attention. We have also considered whether the case of Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, is applicable. In that case it was held that counsel must be furnished to one who is seeking the issuance of the certificate of probable cause, unless the petitioner insists on personally handling his application. The problem in the Johnson case arose out of a federal conviction for a federal offense while the instant case arose out of a state conviction for a state offense. Whether the reason for the holding in the Johnson case applies as well to our case has not been presented to us in a satisfactory manner, and for that reason we do not meet that question.

The District Judge thinks the appeal would necessarily be futile and supports

his views by an able opinion. However, after much study, we entertain doubts, and since petitioner has requested the appointment of counsel to aid him, we hereby instruct our Clerk to endeavor to select the names of two or three attorneys from which we would select one to aid appellant in presenting his petition for the issuance of the certificate of probable cause and for the privilege of prosecuting his appeal in forma pauperis should the certificate be granted.

See Gershon v. United States, 8 Cir., 243 F.2d 527; Young v. United States, 8 Cir., 246 F.2d 901; Hill v. Settle, 8 Cir., 244 F.2d 311; United States ex rel. Rodriguez v. Jackson, 2 Cir., 246 F.2d 730; United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751, 752; United States v. Dudley, D.C., 154 F.Supp. 623.