284 F.2d 827
 Malcolm R. SCHLETTE, Appellant,
v.
PEOPLE OF the STATE OF CALIFORNIA, Robert A. Heinze, Warden, California Prison for Men at Represa, et al., and Richard A. McGee, Director, California Department of Corrections, et al., Appellees.
 No. 16934.
 United States Court of Appeals Ninth Circuit.
 December 1, 1960.
 Rehearing Denied December 22, 1960.
 
 COPYRIGHT MATERIAL OMITTED Malcolm R. Schlette, in pro. per.
 Stanley Mosk, Atty. Gen. of California, Doris H. Maier, Raymond M. Momboisse, Deputy Attys. Gen., for appellees.
 Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 Appellant was indicted on March 28, 1955 by the grand jury in the Superior Court of the State of California, in and for the County of Marin, on two counts of arson [Section 447a of the California Penal Code]. The first count related to a fire on September 9, 1954 of the premises being described "as the dwelling house and shop of Frances M. Schlette". The second count related to a fire of the same premises on February 23, 1955. Frances M. Schlette was at that time the wife of the appellant. Following trial by a jury, appellant was found guilty of the offense charged in count one of the indictment, but the jury was unable to reach a verdict on the second count. Subsequently the second count was dismissed. Thereafter appellant moved for an inquiry into his sanity pursuant to Section 1368 of the Penal Code of the State of California. Following a hearing, appellant was found to be sane. Thereafter judgment was pronounced against the appellant, and appellant is presently confined under the judgment by prison officials of the State of California.
 
 
 2
 The judgment of conviction was affirmed by the District Court of Appeal of the State of California, in and for the First Appellate District, People v. Schlette, 139 Cal.App.2d 165, 293 P.2d 79. The point urged by the appellant on that appeal was that the trial court committed prejudicial error in permitting, over appellant's objection, appellant's wife to testify against him, contrary to the provisions of Section 1332 of the Penal Code of the State of California. The District Court of Appeal held that the wife of appellant was eligible to testify. No petition for rehearing in the District Court of Appeal or hearing in the California Supreme Court was sought. Appellant did not file a petition for certiorari with the United States Supreme Court to review this decision. While appellant had made numerous applications to the State courts for various kinds of relief[1] prior to the filing of a petition for a writ of habeas corpus in the United States District Court, on only one occasion had petitioner sought a writ of certiorari to the United States Supreme Court in connection with a State court proceeding.[2] On that particular occasion appellant's petition for a writ of habeas corpus to the California Supreme Court contained the following allegations: (1) that his wife was improperly permitted to testify over appellant's objection; (2) that the property involved in the arson charge was neither community property nor the separate property of his wife, but rather the property of the Firpo Estate. This petition was denied without opinion by the Supreme Court of California, and a petition for writ of certiorari was denied by the United States Supreme Court, 352 U.S. 1012, 77 S.Ct. 584, 1 L.Ed.2d 559.
 
 
 3
 In May 1958 appellant filed a petition for habeas corpus with the United States District Court for the Northern District of California. In said petition appellant alleged:
 
 
 4
 1. That the property upon which the fire occurred was not community property of appellant and his wife, but the property of the Firpo Estate; that his wife committed perjury when she testified that it was her property and that his counsel misrepresented the fact when he stipulated in court that it was community property.
 
 
 5
 2. That the district attorney knew the property was not that of his wife and misrepresented this fact in order that appellant's wife could testify against him perjuriously.
 
 
 6
 3. That the trial was a sham, and hence appellant was denied due process of law.
 
 
 7
 4. That appellant's attorney and the district attorney were guilty of collusion.
 
 
 8
 5. That the district attorney made inflammatory and untrue statements at the trial which denied appellant due process of law.
 
 
 9
 6. That the action of the California courts in denying appellant hearings on the various habeas corpus and coram nobis proceedings brought by him denied him due process of law.
 
 
 10
 Upon filing of the petition the district court issued an order to show cause, ordering the respondents therein to show why writ of habeas corpus should not be issued. A return to the order to show cause was made, as well as a motion to dismiss. Appellant filed a traverse to the respondents' return and the motion to dismiss. While this petition was pending in the district court, the appellant presented to this Court a "Motion for the issuance of a petition for a writ of mandate in aid of an appealable order of denial by the United States District Court." This Court stated "The document, like its title, is largely unintelligible, but appears to be a motion for leave to file a petition for writ of mandamus or prohibition to require the district judge to refrain from acting or proceeding further in a case pending before him in which an affidavit charging bias or prejudice of the judge had been filed." This Court held that the affidavit filed failed to state any facts to show bias or prejudice, and that "It is wholly insufficient." A petition for writ of certiorari to the United States Supreme Court to review the action of this Court was denied on May 18, 1959, Schlette v. Halbert, 359 U.S. 998, 79 S. Ct. 1125, 3 L.Ed.2d 986.
 
 
 11
 The district court held that the only point properly before it was No. 1 above, since appellant had failed to exhaust his state remedies in respect to the other points mentioned above. The district court held that no federal question was presented under point 1 above, and dismissed appellant's petition.
 
 
 12
 The district court denied appellant's application for a certificate of probable cause, and likewise denied appellant's motion for appointment of counsel and his motion to prosecute an appeal in forma pauperis. Appellant then petitioned this Court to issue a certificate of probable cause and to permit him to appeal in forma pauperis. This Court directed the appointment of counsel "to aid appellant in presenting his petition for the issuance of the certificate of probable cause and for the privilege of prosecuting his appeal in forma pauperis should the certificate be granted," Schlette v. King, 9 Cir., 258 F.2d 561, 562, and thereafter Mr. Richard N. Frisk, attorney at law, was appointed as counsel for appellant. Subsequently appellant requested that he be permitted to proceed in propria persona, and withdrew his petition for a certificate of probable cause and his request to proceed in forma pauperis. Thereafter appellant petitioned one or more of the Judges of this Court for the issuance of a certificate of probable cause. Three Judges of this Court joined in an opinion in which it is stated:
 
 
 13
 "The habeas corpus petition presented to the District Court was based upon several grounds which had been unsuccessfully taken to the State Supreme Court, but only one of which had been taken to the United States Supreme Court by a petition for certiorari. Those grounds, other than the exception, could not be considered as the basis for the issuance of the certificate of probable cause. They were not within the jurisdiction of this Court for any purpose, and the District Court so ruled. The one ground alleged in the habeas corpus petition which went to the United States Supreme Court on a certiorari petition (unsuccessfully) was that Schlette's wife was allowed to testify against him in the state court trial. As to this point or ground, the District Court held that it does not present a federal question and could not be a basis for the certificate.
 
 
 14
 "Each of the three undersigned Judges thinks the District Court was right in holding that no issue within the jurisdiction of the judge or the Court was tendered by the petition in habeas corpus; hence there was no basis for the issuance of the requested probable cause certificate, and each refuses to issue it. There being no issue alleged in the petition for habeas corpus within the jurisdiction of the District Court or of this Court, the United States Court of Appeals, consisting of the undersigned judges, hereby orders the case and all pending motions in the case dismissed."
 
 
 15
 A petition for writ of certiorari to review the action of this Court was denied by the United States Supreme Court in Miscellaneous 359, October Term 1958, on December 15, 1958, in Schlette v. Heinze, 358 U.S. 921, 79 S.Ct. 296, 3 L.Ed.2d 241.
 
 
 16
 In October 1958, appellant filed a petition for a writ of habeas corpus with the California Supreme Court, No. 6349. In said petition appellant alleged:
 
 
 17
 1. That the trial court lacked jurisdiction to try appellant because the indictment under which he was tried was based upon perjured testimony of his wife in regard to her interest in the property burned.
 
 
 18
 2. That fraud was perpetrated at the time of trial because of the false testimony of appellant's wife in regard to her ownership of the property burned.
 
 
 19
 3. That the district attorney knowingly used the perjurious testimony of appellant's wife in regard to her interest in the property burned, and knowingly suppressed evidence by re-arranging and falsifying the position of a gasoline can for purposes of taking photographs to be introduced into evidence.
 
 
 20
 4. That there was collusion between appellant's attorney and the district attorney.
 
 
 21
 5. That the district attorney made inflammatory statements to the press against the appellant and made a fair trial impossible.
 
 
 22
 6. That the Supreme Court and the District Court of Appeal of the State of California denied appellant due process of law in denying his petitions for habeas corpus without issuing an opinion.
 
 
 23
 7. That appellant's confession was coerced by promises to release his son from imprisonment if the petitioner confessed.
 
 
 24
 This petition was denied by said Supreme Court without opinion on October 22, 1958. Appellant asserts and appellees concede that a petition for writ of certiorari to review the action of the Supreme Court of California was denied by the United States Supreme Court in Misc. 358, October Term 1958, on December 15, 1958, in Schlette v. Heinze, 358 U.S. 921, 79 S.Ct. 296, 3 L.Ed.2d 241. Attention, however, is called to the fact that the order reads "No. 359, Misc. Schlette v. Heinze, Warden, et al. C.A.9th Cir. Certiorari denied."
 
 
 25
 In June of 1959 appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. Upon filing the petition the District Court issued an order to show cause ordering the respondents therein to show why writ of habeas corpus should not be issued. A return to the order to show cause was made, as well as a motion to dismiss. Appellant filed a traverse to the respondents' return and the motion to dismiss. The district court properly characterized appellant's petition as follows: "In this present and second attack on the constitutional validity of his commitment, petitioner, by his application for the writ, the traverse, and its supplement, attempts to raise a multitude of grounds which, it is alleged, show a deprivation of fundamental rights and prove that his incarceration is in violation of the laws and Constitution of the United States. Included in the `multitude of grounds' incorporated in the proposed petition are attacks upon most of the participants in his trial, including his own counsel, the trial judge, and portions of the testimony of his own witnesses. In essence it is contended that almost everyone either lied to, or assisted in the deception of, petitioner at all stages of the proceeding."
 
 The district court then stated:
 
 26
 "As this is the form in which the proposed petition is cast, it should be noted, preliminarily, that it is neither the duty nor the right of this Court to re-weigh evidence and reach an independent conclusion as to the guilt or innocence of petitioner."
 
 The district court also noted:
 
 27
 "* * * apart from those allegations directed to the weight of the evidence, many of the issues sought to be raised in the proposed petition are couched in conclusionary allegations and are neither warranted nor supported by alleged facts."
 
 
 28
 The district court refused to consider the allegations in the petition which attacked the sufficiency of evidence, the credibility of witnesses, and unwarranted conclusions unsupported by alleged facts.
 
 
 29
 The district court treated appellant's petition as properly raising six points which required consideration by the district court. They are:
 
 
 30
 1. That the trial court never had legal jurisdiction to try appellant for arson because the proceedings before the Marin County grand jury which resulted in appellant's indictment for arson were void since allegedly the indictment was based upon perjured testimony of appellant's wife to the effect that she owned an interest in the property burned;
 
 
 31
 2. That the prosecution and appellant's attorney knowingly perpetrated fraud upon the court by presenting perjured testimony to the effect that the property burned was community property, and that appellant's wife was disqualified from testifying against appellant;
 
 
 32
 3. That the prosecution, through statements reported in the local press, so inflamed the public against petitioner that a fair trial could not be held in the community;
 
 
 33
 4. That a coerced confession was introduced into evidence, and that its presence rendered any verdict and judgment void;
 
 
 34
 5. That the prosecution knowingly used falsified evidence, in the form of photographs, which did not truly depict the scene they were alleged to represent; and
 
 
 35
 6. That petitioner was deprived of the effective and good faith assistance of counsel.
 
 
 36
 On September 22, 1959, the district court dismissed, by written memorandum, appellant's petition without a plenary hearing but after examination of the petition, the return which included the state court proceedings, the traverse, and the reporter's transcript of the testimony taken at the trial.
 
 
 37
 Initially we consider the action of the trial court in refusing to consider conclusionary allegations unsupported by facts and to re-weigh the conflicting testimony.
 
 
 38
 "A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused.[46]
 
 
 39
 "[46] In re Cuddy, 131 U.S. 280, [9 S.Ct. 703, 33 L.Ed. 154]; Johnson v. Zerbst, 304 U.S. 458, 468, [58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L. R. 357]; Walker v. Johnston, 312 U. S. 275, [61 S.Ct. 574, 579, 85 L.Ed. 830]; Hawk v. Olson, 326 U.S. 271, 279, [66 S.Ct. 116, 120, 90 L.Ed. 61.]"
 
 
 40
 Darr v. Burford, 339 U.S. 200, at page 218, 70 S.Ct. 587, at page 597, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 461. Mere conclusionary allegations which are not supported by facts will not suffice. Soewapadji v. Wixon, 9 Cir., 157 F.2d 289. Attacks upon the sufficiency of the evidence and the veracity of witnesses cannot be challenged through the medium of habeas corpus, but must be raised by appeals. Leonard v. Hudspeth, 10 Cir., 112 F.2d 121. The state adjudication of factual questions will be relied upon by federal courts. Brown v. Allen, supra. Where the basic facts are conflicting and those facts have been tried and adjudicated against petitioner without a vital flaw in the process of ascertaining such facts in the trial court, the federal court will accept that determination. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101; Bailey v. Smyth, 4 Cir., 220 F.2d 954, certiorari denied 350 U.S. 915, 76 S.Ct. 200, 100 L.Ed. 802.
 
 
 41
 The duty of a federal district judge in considering a petition for habeas corpus on behalf of a state prisoner is clearly set forth in Muhlenbroich v. Heinze, 9 Cir., 1960, 281 F.2d 881, 883. In that case it is stated:
 
 
 42
 "It is clear that a federal district judge may dismiss a habeas corpus petition of a state prisoner without hearing when, as a matter of law, the facts alleged in the petition do not constitute grounds for relief in a federal court. Brown v. Allen, 1953, 344 U.S. 443, [73 S.Ct. 397, 97 L.Ed. 469]; 28 U.S.C. § 2243. However, when it is not possible to dispose of the petition on purely legal grounds, the court must determine `by examination of the record whether or not a hearing would serve the ends of justice.' Brown v. Allen, supra, 344 U.S. [at page 464, 73 S. Ct. at page 411]. While in general a prisoner is entitled to a hearing when issues of fact must be resolved, Walker v. Johnston, 1941, 312 U.S. 275, [61 S.Ct. 574, 85 L. Ed. 830,] this is not necessary when a state court has already adjudicated the factual issue adversely to the petitioner. In such cases a federal district judge may rely on state court adjudication of fact, and, in his discretion, direct his inquiry only to whether the state court adjudication is without vital flaw. Thomas v. [State of] Arizona, 1958, 356 U.S. 390, [78 S.Ct. 885, 2 L.Ed. 2d 863]; Brown v. Allen, supra."
 
 
 43
 We now consider the points raised by appellant which were considered by the district court.
 
 
 44
 1. Appellant contends that the grand jury proceeding which resulted in petitioner's indictment for arson was void because his wife allegedly perjuriously testified before the grand jury that the property involved in the fire was community property. In the first place, the ownership of the property was a question of fact which was adjudicated by the state court based on conflicting evidence. In the second place, petitioner did not move the state court to set aside the indictment prior to trial. Under California law such failure constitutes a waiver of any possible objection that might be made to the indictment. In re Berry, 43 Cal.2d 838, 279 P.2d 18; In re Dixon, 41 Cal.2d 756, 264 P.2d 513; Application of Lyda, D.C., 154 F.Supp. 237; Sections 995, 996, California Penal Code.
 
 
 45
 2. Appellant next contends that appellant's wife was disqualified to testify against him and that the prosecutor and appellant's attorney knowingly perpetrated fraud upon the court by presenting perjured testimony to the effect the property burned was community property. The California court in People v. Schlette, 139 Cal.App.2d 165, 293 P.2d 79, held under California law that a wife is a competent witness to testify against her husband when he is charged with a crime against her person or property. Such is also the rule in the federal courts. Wyatt v. United States, 1960, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed.2d 931. The basis of appellant's contention that fraud was perpetrated on the trial court arises from the fact that the prosecutor introduced evidence to show that the property which was burned was the community property of the appellant and his wife, and that appellant's counsel stipulated that the property was community property at the time of the first fire. In its memorandum, the district court, which had before it the reporter's transcript of testimony of the trial, stated:
 
 
 46
 "With respect to the conduct of the prosecutor in causing the testimony to be introduced, the facts as reflected in the trial record show that his action was proper under state law. * * * The allegation of fraud on the part of defense counsel, and the prosecutor, is completely without foundation."
 
 
 47
 Whether or not appellant's wife had a beneficial interest in the property was a matter to be determined by the state court. Such matter was adjudicated under state law. No federal question is presented under this point.
 
 
 48
 3. Appellant contends that he was denied a fair trial because of statements in the local press which inflamed the public against him. Copies of articles published in the newspapers were submitted by the appellant. In his memorandum the district judge stated, "An examination of these articles shows no more than normal journalese." In disposing of this point the district court stated:
 
 
 49
 "Further, by failing to take any action with respect to these articles at the time of his trial, petitioner must be held to have waived any possible claim of prejudice to his rights (Palakiko vs. Harper [9 Cir.], 209 F.2d 75, and United States vs. Rosenberg [2 Cir.], 200 F.2d 666. And see: United States ex rel. Darcy vs. Handy, 351 U.S. 454 [76 S.Ct. 965, 100 L.Ed. 1331])."
 
 
 50
 We agree.
 
 
 51
 4. In considering the appellant's contention that an allegedly coerced confession introduced into evidence rendered the verdict and judgment void, federal courts in habeas corpus proceedings are limited in their inquiry to the undisputed portion of the record. The district court stated that:
 
 
 52
 "The precise facts and arguments incorporated in the instant petition were presented to the trial court and to the jury, and the problem was submitted to the jury with full and proper instructions."
 
 
 53
 The testimony concerning the voluntary character of the confession was conflicting. The resolution of such conflict by the state court is controlling. The district court properly observed:
 
 
 54
 "As the record shows no basis for a finding that the confession was involuntary, as a matter of law, this Court cannot displace the jury's conclusion in regard to the voluntariness of the confession (See: Thomas vs. [State of] Arizona, 356 U.S. 390 [78 S.Ct. 885, 2 L.Ed.2d 863])."
 
 
 55
 See also Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448.
 
 
 56
 5. Appellant's assertion that the prosecution knowingly used falsified evidence, in the form of photographs, which did not truly depict the scene they were alleged to represent, raised no greater issue than that of the admissibility of evidence. In this connection the district court stated:
 
 
 57
 "For example, a photograph was introduced into evidence to show the damage done to the tavern by the first fire. It appears that the photographer shifted a stack of cartons in order to show the injury done to the building behind them."
 
 
 58
 Furthermore, it appears that the photographs were admitted into evidence either by stipulation or in conjunction with appropriate instructions. Whether or not the laws of evidence of a state have been correctly applied by the courts of that state is a question exclusively reviewable in state courts. Bowman v. Alvis, 6 Cir., 224 F.2d 275.
 
 
 59
 6. Appellant contends that he was denied the effective and good faith assistance of counsel. Appellant was represented on the trial by counsel of his own choice. No dissatisfaction was expressed by appellant of the services of his counsel until after his judgment of conviction had been sustained on appeal. The district court stated that a "re-reading of the trial record shows that, contrary to petitioner's general allegations of incompetency, petitioner was in fact ably represented." The law is well settled that dissatisfaction with one's counsel in retrospect is not the same as the deprivation of the right to counsel within the meaning of the due process clause. Swope v. McDonald, 9 Cir., 173 F.2d 852, certiorari denied 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759; Pelley v. United States, 7 Cir., 214 F.2d 597, 601-602.
 
 
 60
 We find no error on the part of the district court in refusing appellant's request that the district court appoint counsel to aid appellant in the proceedings. There may be situations where appointment of counsel might be warranted to aid a state prisoner in habeas corpus proceedings in a federal court. We find no such special circumstances here. As this Court stated in Muhlenbroich v. Heinze, supra [281 F.2d 884]:
 
 
 61
 "And absent unusual circumstances, the law does not require that an indigent prisoner be furnished with counsel for the purpose of attacking a state court judgment in the federal courts. Anderson v. Heinze, 9 Cir., 1958, 258 F.2d 479, 484; United States [ex rel. Lowery] v. Murphy, 2 Cir., 1957, 245 F.2d 751, 752."
 
 
 62
 Finding no error, we affirm the order of the district court.
 
 
 
 Notes:
 
 
 [1]
 Appeal from judgment and conviction — People v. Schlette, 139 Cal.App.2d 165, 293 P.2d 79; petition for a writ of habeas corpus with the District Court of Appeal for the First District, denied August 20, 1956 (Crim. No. 3284); petition for a writ of habeas corpus with the California Supreme Court, denied October 17, 1956 (Crim. No. 5971); petition for a writ of error coram nobis with the District Court of Appeal, First District, denied October 30, 1956, rehearing denied, November 14, 1956 (Crim. No. 3310), and hearing by the California Supreme Court denied November 28, 1956; petition to recall the remittitur in connection with People v. Schlette, 139 Cal.App.2d 165, 293 P.2d 79, with the District Court of Appeal, First District, denied November 9, 1956; petition for a writ of mandate against the Superior Court in and for the County of Marin, with the District Court of Appeal, First District, denied January 10, 1957 (1 Civil 17581), petition for hearing in the California Supreme Court denied March 5, 1957; petition for a writ of error coram nobis with the District Court of Appeal for the First District denied, March 26, 1957, rehearing denied, April 25, 1957 (1 Crim. 3358), and petition for hearing by the California Supreme Court denied May 22, 1957
 
 
 [2]
 Schlette v. People of State of California, Misc. No. 511, 352 U.S. 1012, 77 S.Ct. 584, 1 L.Ed.2d 559
 
 
 
 63
 HAMLEY, Circuit Judge (concurring).
 
 
 64
 I concur in every part of this opinion including the reliance upon propositions of law stated in quoted excerpts from the opinion of another panel of this court in Muhlenbroich v. Heinze, 9 Cir., 281 F.2d 881, now on petition for a writ of certiorari. However, I do not wish my concurrence to be understood as agreeing with the result reached in Muhlenbroich.