Galen L. GINGRICH, Petitioner,

v.

E. J. OBERHAUSER, Respondent.

Civ. No. 68–2072.

United States District Court

C. D. California.

Oct. 7, 1969.

Galen L. Gingrich, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Lawrence K. Keethe, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING WRIT
## OF
## HABEAS CORPUS

HAUK, District Judge.

Petitioner was convicted of a violation of the California Health and Safety Code, Section 11500, illegal possession of narcotics. He was sentenced to a term of two to ten years March 8, 1966, failed to appeal the conviction and sentence, and is currently confined at the California Institution for Men, Chino, California.

During 1967 petitioner filed three petitions for writ of habeas corpus successively in three California Courts: the Superior Court for San Bernardino County; the Court of Appeal, Fourth Appellate District, San Diego; and the State Supreme Court. Subsequently, a writ of error *coram nobis* was sought in the California Superior Court for Riverside County, Indio, California. Each of these petitions has been denied by the California Court in question.

Petitioner contends that he was denied due process of law for the following reasons: he was falsely arrested; he was not allowed to call an attorney at the time of his arrest and was coerced by the arresting officer; his plea of guilty was coerced by his counsel; his counsel was inefficient; he was denied

his right to a trial by jury; the arresting officer committed perjury; the hospital and physicians violated Health and Safety Code, Section 11331.5 and his automobile was illegally confiscated; and, finally, his civil rights were violated on all the above grounds.

After reviewing the Petition for Writ of Habeas Corpus, the Amendment to Petition for Habeas Corpus and the Motion for Evidentiary Hearing, the Response, petitioner's Traverse to the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus determines that the Petition for Writ of Habeas Corpus should be denied for the reasons set forth hereafter.

## A. THIS PETITION FOR WRIT OF HABEAS CORPUS IS NOT PROPERLY BEFORE THE COURT.

■ Because petitioner failed to appeal on the points raised in his petition, he should not be permitted to raise these points on habeas corpus. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1962); In re Sterling, 63 Cal.2d 486, 489–490, 47 Cal.Rptr. 205, 407 P.2d 5 (1965); In re Shipp, 62 Cal.2d 547, 555, 43 Cal.Rptr. 3, 399 P.2d 571 (1965); In re Lessard, 62 Cal.2d 497, 503, 42 Cal.Rptr. 583, 399 P.2d 39 (1965); In re Dixon, 41 Cal.2d 756, 760–761, 264 P.2d 513 (1953); In re Domingo, 268 A.C.A. 698, 701, 74 Cal. Rptr. 161 (1969). However, it is recognized that under the federal habeas corpus statute, 28 U.S.C. § 2254, the federal courts may grant relief despite petitioner's failure to pursue a state remedy no longer available at the time of his application. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1962). But this relief may be denied if a petitioner has deliberately by-passed the orderly procedure of the state courts, and in so doing has forfeited his state court remedies. *Id.* at 438, 83 S.Ct. 822; In re Shipp, *supra.* The burden of establishing the absence of a deliberate by-pass of state appellate

remedies is on petitioner. Nash v. United States, 342 F.2d 366, 368 (5th Cir., 1965); Brinlee v. White, 401 F.2d 763–764 (5th Cir., 1968).

■ The record is barren of and petitioner offers no satisfactory explanation as to why he failed to appeal from his conviction. This petition is barred, because of petitioner's unexplained default in not complying with State procedure. *See* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

■ The power to grant late appeals is liberally exercised in California. People v. Garcia, 63 Cal.2d 265, 46 Cal.Rptr. 324, 405 P.2d 148 (1965); People v. Davis, 62 Cal.2d 806, 44 Cal.Rptr. 441, 402 P.2d 129 (1965). The Federal courts should permit the state court to determine whether petitioner has a meritorious case for filing a late appeal. Lembke v. Field, 380 F.2d 383 (9th Cir., 1967).

■ Furthermore, petitioner has not exhausted his State remedy of habeas corpus. The three California courts in which petitioner filed a petition for Writ of Habeas Corpus were not presented with adequate averments of specific facts, and therefore the petitions stated no ground for issuance of the writs. Conway v. Wilson, 368 F.2d 485, 486–487 (9th Cir., 1966). Such specific averments are especially necessary where petitioner did not appeal from the judgment of conviction. In re Swain, 34 Cal.2d 300, 302, 209 P.2d 793 (1949).

In addition, petitioner did not confront any State court with five of the grounds he now urges. Although petitioner's contentions are somewhat vague and general, it is clear that he did not urge upon any State court the contentions that the arresting officer committed perjury, that he was coerced by the arresting officer, that the hospital and physicians violated Health and Safety Code, § 11331.5, that his counsel was inefficient, and that his civil rights were violated. (See Response herein, Ex. 2, p. 37; Ex. 3, p. 47; Ex. 4, p. 56;

Ex. 5, p. 62. See also Petition, p. 6.) These represent petitioner's contentions 2, 4, 5, 7 and 8 in the present petition. (Petition, p. 3.)

Therefore, as to those contentions, petitioner has not exhausted his State remedies. Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962); Conway v. Wilson, 368 F.2d 485, 487 (9th Cir., 1966); Schiers v. People of State of California, 333 F.2d 173 (9th Cir., 1964).

■ Moreover, one of petitioner's contentions was raised for the first time in a petition for habeas corpus filed in the California Supreme Court. There petitioner contended that he was not allowed to call an attorney at the time of his arrest (Petition p. 3.) As to this contention, the proper procedure would have been to file a petition in the Superior Court of the county in which he was detained. In re Hillery, 202 Cal. App.2d 293, 294, 20 Cal.Rptr. 759 (1962). Thus, as to this single contention, the California Supreme Court was justified in denying the petition on that ground alone. Additionally, petitioner has not filed a petition for a Writ of Habeas Corpus in the California Court of Appeal.

Furthermore, petitioner should not be allowed to split-up or piecemeal his writ in the instant case. He indicates that all the contentions are linked together and, therefore, should stand or fall together in that he argues in his eighth contention that his civil rights were violated on the grounds of the other seven. (Petition p. 4h.) Since most of his contentions have not been presented to the State courts, including the all inclusive civil rights argument, petitioner has not exhausted his state remedies, and his petition should be denied. Schiers v. People of State of California supra; Rose v. Dickson, 327 F.2d 27, 29–30 (9th Cir., 1964).

Nevertheless, and to obviate the necessity of reviewing the entire matter again in the future, this Court has considered all of petitioner's contentions on the merits.

## B. PETITIONER'S CONTENTIONS ARE WITHOUT MERIT.

(1) Petitioner's contention that he was falsely arrested.

The record of the preliminary hearing clearly indicates that "defendant had been falsifying narcotics records" (Response, Exhibit 1, p. 15) and that "defendant had in fact obtained narcotics or had withdrawn narcotics, had signed for them * * *. But the patients had not in fact received the narcotics" (Response, Exhibit 1, p. 16). Consequently there was probable cause to believe that petitioner had committed a felony and was still doing so by taking narcotics out of the hospital on his person.

So a stake-out surveillance was placed on petitioner at the parking lot of Valley Memorial Hospital in Indio, California, at 5:00 a. m. on the morning of the 24th of February, 1965. (Response, Exhibit 1, p. 14) Petitioner was not seen at this stake-out until approximately 7:10 a. m. when he left the hospital and walked across the parking lot to enter his vehicle. (Response, Exhibit 1, p. 17). It was at this time that the arrest for unlawful possession of a narcotic was made. Petitioner admits that he normally went off duty at 7:00 a. m.; however, he contends the time of arrest was in fact 5:45 a. m. and not 7:10 a. m. (Petition for Writ of Habeas Corpus, p. 4).

■ Petitioner's contention is a mere allegation unsupported by facts sufficient to establish by convincing evidence that the factual determination by the California State court at the preliminary hearing was erroneous. The written record made by the State court of competent jurisdiction in the Preliminary Transcript (Response, Ex. 4), must be presumed to be correct unless the petitioner proves by convincing evidence that it is not. 28 U.S.C. § 2254(d).

Petitioner has failed to carry this burden of proof.

(2) Petitioner's contention that he was not allowed to call an attorney at the time of his arrest and was coerced by the arresting officer.

This contention is clearly without merit since the record of the preliminary hearing indicates that he was advised of his constitutional right to counsel immediately after the narcotics agent approached petitioner's vehicle and identified himself. (Response, Exhibit 1, p. 17).

■ Furthermore, there is no evidence in the record to indicate that petitioner was in the back seat of the officer's vehicle for over an hour or that petitioner was coerced into incriminating himself. Petitioner's allegation is contradicted by the written record of the preliminary hearing which fails to indicate any coercive conduct on the part of the arresting officer. Indeed, since petitioner must have had knowledge of the circumstances of this alleged coercion by the narcotics agent making the arrest, why did he not raise this contention at the preliminary hearing? Again, upon this contention, petitioner has failed to sustain the burden placed upon him by 28 U.S.C. § 2254(d) to establish by convincing evidence that the record of the preliminary hearing in the State court proceeding was erroneous.

(3) Petitioner's contention that his plea of guilty was coerced by his counsel.

■ Petitioner merely makes the bald statement that his counsel, James B. Windham, Deputy Public Defender, Indio, California, acted in concert with the District Attorney against his interest and utterly fails to show by convincing proof that this did in fact occur. If this were in fact the truth, he should have set forth what the facts and circumstances were which made the conduct of the Public Defender adverse to petitioner's interest. The contention of petitioner is purely conclusionary and

insufficient to supply a basis upon which the relief he seeks may be granted. Schlette v. People of State of California, 284 F.2d 827, 834 (9th Cir., 1960), cert. denied, 366 U.S. 940, 81 S. Ct. 1664, 6 L.Ed.2d 852 (1961).

The transcript of the proceeding at which the present petitioner entered his plea of guilty shows the following proceedings were held after indication from counsel for the defendant that petitioner wished to plead guilty:

"MR. BROWN (Deputy District Attorney): Mr. Gingrich, you are advised that an information has been filed in this court, charging you with a violation of Section 11500 of the Health and Safety Code, possession of a narcotic other than marijuana, to wit, demerol. Are you ready at this time to enter a plea to this information?

"MR. WINDHAM (Deputy Public Defender and petitioner's counsel): The defendant is ready, your Honor, I have talked with the defendant, and I have fully explained all of his legal rights to him, and he has advised me he wishes to enter a plea of guilty at this time.

"THE COURT: Is that what you wish to do, Mr. Gingrich?

"THE DEFENDANT: Yes, your Honor."

(Reporter's Transcript, proceedings before the Honorable Merrill Brown, Judge of the Superior Court for Riverside County, February 8, 1966, pp. 1–2).

(4) Petitioner's contention that his counsel was inefficient.

■ This contention would enable petitioner to obtain the relief he seeks only if he could establish that "the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference or preparation." Williams v. Beto, 354 F. 2d 698, 704 (5th Cir., 1965); Bouchard v. United States, 344 F.2d 872 (9th Cir.,

1965); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir., 1964). Petitioner has again utterly failed to establish this by convincing evidence.

(5) Petitioner's contention that he was denied his right to trial by jury.

 It is the general rule that "a plea of guilty is in itself a waiver of a trial by jury." Matey v. Sacks, 284 F. 2d 335, 338 (6th Cir., 1960), cert. denied, Matey v. Alvis, 364 U.S. 853, 81 S. Ct. 76, 5 L.Ed.2d 77 (1960); United States v. Bialkin, 331 F.2d 956, 958 (2d Cir., 1964); Bugg v. United States, 140 F.2d 848, 851 (8th Cir., 1944), cert. denied, 323 U.S. 673, 65 S.Ct. 89, 89 L.Ed. 547 (1944). Indeed, "the jury's role is that of a trier of guilt, and where the accused admits his guilt, there is no function for the jury to perform." United States v. Bialkin at 959, *supra*.

The California courts are in accord. See In re Jingles, 27 Cal.2d 496, 499, 165 P.2d 12 (1946) and People v. Duke, 164 Cal.App.2d 197, 199, 330 P.2d 239 (1958).

 The Reporter's Transcript of the guilty plea demonstrates that petitioner's plea of guilty was not coerced but was made only after all of his legal rights had been fully explained to him. Thereby he waived his right to trial by jury and any contention by petitioner that he was denied his right to a jury trial is entirely frivolous and without merit.

(6) Petitioner's contention that the arresting officer committed perjury.

 It is improper to challenge the veracity of witnesses through the medium of habeas corpus since this contention must be raised by direct appeal. Schlette v. People of State of California, 284 F.2d 827, 834 (9th Cir., 1960), cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L. Ed.2d 852 (1961). This contention is, therefore, without merit when pressed, as here, in a petition for writ of habeas corpus.

(7) Petitioner's contention that the hospital and physicians violated Health and Safety Code, Section 11331.5 and that his automobile was illegally confiscated.

 These contentions do not raise issues upon which relief can be granted because federal habeas corpus lies only upon federal constitutional questions. Gemmel v. Buchkoe, 358 F.2d 338, 341 (6th Cir., 1966); Wall v. Hudspeth, 108 F.2d 865, 866 (10th Cir., 1940). They are entirely collateral to the facts and circumstances for which petitioner is presently incarcerated and are not reviewable by this Court through the medium of a petition for writ of habeas corpus. 28 U.S.C. § 2254. "The remedy of habeas corpus is available only to attack the legality of a sentence under which a petitioner is in custody. * * * The remedy is not available to review questions not related to the cause of detention." United States ex rel. Sullivan v. Chief Probation Officer of Quarter Sessions Court, 373 F.2d 332 (3rd Cir. 1967). See also United States ex rel. Touhy v. Ragen, 224 F.2d 611, 613 (7th Cir., 1955), cert. denied, 350 U. S. 983, 76 S.Ct. 470, 100 L.Ed. 851 (1956).

(8) Petitioner's contention that his civil rights were violated on all the above grounds.

Since this Court has determined that the several contentions which petitioner has raised are all without merit, no basis in fact exists to establish that petitioner's civil rights were violated. Reiterating what we have said already, this contention is also conclusionary in nature and is insufficient to support any relief to petitioner. Schlette v. People of State of California, 284 F.2d 827, 834 (9th Cir. 1960), cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961).

From the preceding analysis of petitioner's contentions, it is apparent that there are no grounds or reasons of any kind set forth to warrant the granting

of an evidentiary hearing, or to justify the issuance of a writ of habeas corpus.

Accordingly, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.