the general public. There are cases which sustain a regulation that restricts the vehicles of a stage line to certain prescribed streets as routes. But these judgments are based not on a derogation of the general public right, but in furtherance of it, in that the right is general. I make no attempt to define the powers of the commissioner under these statutes, but I have no doubt that he could by general rule exclude teams or vehicles from parts of a street, or even from a street, in case of an emergency, like a conflagration or an abnormal congestion of traffic due to some unusual cause. I have no doubt that he can bring order out of a chaos of vehicles by prescribing general rules for relative lines of travel, for alignment, for halting a movement for a time in order to afford relative rights of passage to other teams and vehicles or to pedestrians, and in general he may by general rules execute that policy which under his present direction has both facilitated and safeguarded passage in our streets.

If I am right in my view of the power, this disposes of the present appeal and leads to an affirmance of the judgment. There is no need to discuss the reasonableness of the regulation or any other feature of it. I have sought to point out that the police power and the exercise of such power by a subordinate are quite different things, with the difference that exists between a sovereign and his servant.

The judgment is affirmed, with costs. All concur, except BARTLETT and WOODWARD, JJ., who dissent.

(110 App. Div. 10)

NUNNALLY v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. LIBEL AND SLANDER—PLEADINGS—INNUENDO—RESTRICTION—COMPLAINT.

In an action for libel, plaintiff set out first charge of fornication, second of larceny, and third of murder by administration of poison. The fourth paragraph of the complaint alleged that defendant did maliciously publish, etc.. certain articles containing the false and defamatory matter following, to wit. and setting forth all the matter constituting the alleged libel. The fifth paragraph alleged that defendant did not charge and accuse this plaintiff thereby, and mean it· to be understood, etc., that she had administered to said, etc., poison, etc., thereby causing his death, and was privy to his murder and to the administration of said poison, and that she had robbed said, etc. *Held*, that such fifth paragraph did not restrict plaintiff's claim to a recovery solely to those portions of the alleged libel whereby the plaintiff was accused of larceny and murder.

2. SAME—PRIVILEGED COMMUNICATION—JUDICIAL AND OFFICIAL PROCEEDINGS.

Under Code Civ. Proc. § 1907, providing that an action, civil or criminal, cannot be maintained against a reporter, publisher, etc., of a newspaper for the publication therein of a fair and true report of any judicial, legislative, or other public and official proceedings, without proving actual malice in making the report, mere investigations of a detective character conducted by persons connected with the coroner's office, and by members of a municipal police force, do not constitute judicial or other public and official proceedings, within the scope and meaning of the section.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 127, 148, 178.]

Appeal from Trial Term, Richmond County.

Action by Florence Nunnally against the Press Publishing Company.

From an interloctury judgment sustaining plaintiff's demurrer to the second and fourth defenses of the amended answer, defendant appeals. Reversed so far as the same sustains plaintiff's demurrer to the second defense, and affirmed so far as it sustains his demurrer to fourth defense.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

W. H. Van Benschoten, for appellant.
George H. D. Foster, for respondent.

WILLARD BARTLETT, J.    Three defamatory charges are contained in the newspaper articles which the plaintiff complains of as libelous:    First, a charge of fornication; second, a charge of larceny; and, third, a charge of murder by the administration of poison.

The second defense set up in the answer consists of averments of fact which are stated to be pleaded in partial justification of the publication of that portion of the alleged libel charging the plaintiff with fornication. It contains nothing relative to the charge of larceny or the charge of murder. The plaintiff demurred to the second defense, on the ground that it was insufficient in law, and the court at Special Term has sustained the demurrer on the ground that the fifth numbered paragraph of the complaint restricts the plaintiff's claim to a recovery solely to those portions of the alleged libel whereby the plaintiff is accused of larceny and murder. "This," says the learned justice who heard the case below, "reduces the complaint from a general one on the entire defamatory matter to a particular complaint on the charge of larceny and murder only."

The allegation in the complaint which is said to have had this effect reads as follows:

"(5) That defendant did charge and accuse this plaintiff thereby, and mean and intend it to be understood, of and concerning plaintiff thereby, that she had administered to said Melles poison, or chloral hydrate or cocaine, thereby causing his death, and was privy to his murder and to the administration of said poison, and that she had robbed said Melles and was privy to his robbery, and the loss by him of his money and his watch."

I cannot concur in the view that the language quoted eliminates from the case all claim on the part of the plaintiff to recover damages on account of those parts of the alleged libel which charge her with fornication. In the fourth numbered paragraph the plaintiff alleges that on or about the 7th day of March, 1904, the defendant did maliciously write, print, publish, circulate, and publicly sell, and did maliciously cause to be written, printed, published, circulated, and publicly sold, "certain articles containing the false and defamatory matter following, to wit:" And thereafter she sets forth all the matter constituting the alleged libel, comprising the charge of fornication as well as the charges of larceny and murder. If this fourth numbered paragraph stood alone, it would not require the addition of any innuendo to point out the true meaning of the matter of which the plaintiff complains. The innuendo pleaded in the fifth paragraph, which has been quoted, was unnecessary in order to make the complaint good. It may have been introduced out of abundant caution and to emphasize

those portions of the alleged libel to which it relates. It seems to me that it would be a forced construction to regard it as intended to limit the plaintiff's grievance, so as to deem it an abandonment of any claim to recover on account of the charge of fornication, when, in the paragraph immediately preceding, she has alleged the entire publication to be false, defamatory, and malicious. Under the decision of the Court of Appeals in Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725, the innuendo contained in the fifth numbered paragraph was clearly surplusage; and, if so, the complaint should be regarded as though it were not contained therein, and the plaintiff should be permitted to assert any right of recovery which she has acquired by reason of the publication of the alleged libel, instead of being restricted so as only to be allowed to seek redress on the trial on account of part of the defamatory matter contained in the publication. As was said in Morrison v. Smith, supra, with the innuendo eliminated—

"The defendant is in no worse position than if the innuendo was not in the complaint and the plaintiff should be permitted to recover for a libel clearly appearing on the face of the article, for which no innuendo was necessary."

The learned judge at Special Term was of the opinion that the doctrine of the Morrison Case relates only to what he terms "the "ordinary innuendo," deeming it impossible that it can relate to "special allegations restricting the complaint." As I have already said, the fifth numbered paragraph of this complaint does not appear to me to possess the restrictive character thus assigned to it; nor can I find in the language of Judge Gray, in the Morrison Case, any intimation that the rule there laid down was intended to be limited to any particular form of innuendo. On this branch of the case I think the demurrer should have been overruled. There remains to consider that part of the demurrer which attacks the fourth defense as insufficient.

That defense "alleges that the articles complained of in the complaint were full, fair, and true accounts of certain public, official, and judicial proceedings, to wit, the investigation had by the coroner's office and the police of the city of New York, into the death of the said Leon Melles." In the opinion written at Special Term this is characterized as "merely a statement of a lame conclusion from what is called an 'investigation' by the 'coroner's office' and the police." I concur in the view that mere investigations of a detective character conducted by persons connected with the coroner's office and by members of a municipal police force do not constitute such judicial or other public and official proceedings as fall within the scope and meaning of section 1907 of the Code of Civil Procedure. It is manifest that the investigation referred to in the fourth defense was of this nature, and, hence, that the defense of privilege was not well pleaded.

If the foregoing views be correct, the interlocutory judgment should be reversed, so far as it sustains the plaintiff's demurrer to the second defense, and affirmed so far as it sustains the plaintiff's demurrer to the fourth defense. All concur.