**John E. KIRBY, Appellant,**

v.

**WARDEN, MARYLAND PENITEN-TIARY, Appellee.**

**No. 8394.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1961.

Decided Nov. 15, 1961.

Lowell R. Bowen, Baltimore, Md. (Court-assigned counsel), for appellant.

Robert F. Sweeney, Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BELL, Circuit Judges.

PER CURIAM.

John E. Kirby appeals from an order of the District Court dismissing without a hearing his petition for a writ of habeas corpus. Kirby is a state prisoner now serving two consecutive sentences of twenty years each in the Maryland Penitentiary on two charges of armed robbery.

The complaint is that his confinement is unconstitutional because in passing sentence the trial judge was "motivated by matters not of record." To substantiate this claim the petitioner relies on a statement made by the state judge in passing sentence: " * * * I am per-

fectly satisfied that you are not being tried for the only ones [holdups] that you perpetrated, * * *." The petitioner also points to the fact that the judge alluded to him as a "holdup artist."

The State makes two countercontentions. The first is procedural, namely, that the petitioner has not exhausted his state remedies. The second, on the merits, is that viewed in context the judge's statements did not infect the proceedings with such fundamental unfairness as to render them unconstitutional.

■ First, as to the exhaustion issue, it appears that the judge's statements were set forth as a grievance in the petitioner's brief in a delayed appeal to the Court of Appeals of Maryland, Kirby v. State, 222 Md. 421, 160 A.2d 786 (1960), and certiorari was denied by the Supreme Court. 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74. While it is true that the point made in the Court of Appeals of Maryland was not couched in the precise language employed in the petition to the District Court, nevertheless, the substance of the argument addressed to the Maryland court is the same as in the District Court. In each instance the defendant charged that he was deprived of his liberty without due process of law in that extraneous matter was permitted by the trial judge to influence the sentence. Consequently, we conclude that the petitioner duly exhausted his state remedies and had standing to petition the District Court for relief.

■■ On the merits, however, the State must prevail. The observations of the judge, viewed most unfavorably— as unsupported by evidence and hence improper—could not be deemed so extreme as to convert the proceedings into a nullity. Federal courts do not exercise a general supervisory authority over state courts, and they have no jurisdiction to correct errors less than fundamental in a constitutional sense. Compare Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958). The remarks came on the heels of a recital of

the defendant's criminal record, which was one of impressive magnitude— eleven convictions for burglary, two for larceny, one for attempted burglary, one for escape from prison, one for assault with intent to kill. There is no indication of the judge's bias or prejudice against the petitioner nor does it appear that these intuitive observations, measured against the defendant's record, played any significant part in the judgment of the court. The length of sentence and the considerations upon which it is based do not normally raise constitutional issues. In the present case the facts alleged are not sufficient to support the claim that the petitioner has been denied due process.

Affirmed.