71 N.J. Super. 506 (1962)
177 A.2d 312
STATE OF NEW JERSEY, PLAINTIFF,
v.
SYLVESTER JOHNSON, STANLEY CASSIDY AND WAYNE GODFREY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 16, 1962.
*507 Mr. Norman Heine, Camden County Prosecutor, attorney for the plaintiff.
Mr. M. Gene Haeberle, attorney for the defendants.
MARTINO, J.C.C. (temporarily assigned).
The defendants were convicted of first degree murder without recommendation. They were charged with the crime which is referred to juridically as a felony murder. The verdict was rendered on January 24, 1959. A notice of appeal was filed on March 11, 1959 in behalf of the defendants and the New Jersey Supreme Court affirmed the convictions. State v. Johnson, 31 N.J. 489 (1960). New counsel was obtained by the defendants shortly before their scheduled execution, and on May 24 and May 25, 1960 hearings were held on an application for a new trial. This application was denied. State v. Johnson, 63 N.J. Super. 16 (Law Div. 1960). An appeal was taken to the New Jersey Supreme Court from this denial and the decision of the trial court was affirmed. State v. Johnson, 34 N.J. 212 (1961). An appeal was taken to the United States Supreme Court and while the appeal was pending in that *508 court the present attorney was substituted for the defendants. Immediately thereafter the present attorney began the task of gathering background information concerning these three defendants because he construed a statement in the last decision of our Supreme Court as an invitation to proceed in this manner to secure a new trial. In the very last paragraph of that opinion, commencing with the sentence on the last line of page 231 the court said:
"Since there is no indication in the record of the hearing on defendants' motion for a new trial of what background evidence they would introduce, and since their counsel's statement to us was uninformative, the defendants are not entitled to a new trial on this ground."
Parenthetically it should be stated here that the United States Supreme Court in a per curiam opinion dismissed the appeal before that court for want of a substantial federal question. Johnson v. New Jersey, 368 U.S. 145, 82 Sup. Ct. 247 (1961).
The present application was preceded by orders granted by this court without objection by the prosecutor for the right to obtain and permit psychiatric examination of all three defendants, as well as an examination of the records of these defendants contained in the files of the State Prison in Trenton, New Jersey. As a part of this motion there were attached 24 affidavits subscribed to by kin, friends and former fellow employees of each of the defendants, all of which affidavits follow similar patterns by indicating that the environment surrounding their home life was deteriorating and that such evidence if produced before a jury would incline to lead to a verdict with a recommendation of life imprisonment. Significantly, there is no denial of the commission of the crime itself in any affidavit filed.
A psychiatric report prepared by one Dr. Richard G. Lonsdorf was examined and it can be observed that the voluntary use of drugs admitted by these defendants plays *509 an important part in the conclusions therein. This is to be expected, but should it be an excuse, particularly where this fact is deliberately withheld from a jury's consideration at the time of trial?
The defendants by this motion seek relief from the judgment and sentence of death heretofore entered in the matter in that the judgment entered should be set aside and a new trial granted for all of these defendants. The defendants rely specifically on R.R. 4:62-2(e)(f): "(e) * * * it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of a judgment or order." (Emphasis added) (Although not referred to, see R.R. 3:7-11.) A motion of this type is addressed to the sound judicial discretion of the trial court. However, such judicial discretion cannot be arbitrary, vague or fanciful but rather must be governed by and in accord with established principles of law. Concisely, it is concerned with the question whether justice requires that relief be given under the particular facts established. State v. Bunk, 4 N.J. 482 (1950); State v. Then, 114 N.J.L. 413 (Sup. Ct. 1935); State v. Hogan, 1 N.J. 375 (1949); State v. Collins, 2 N.J. 405 (1949).
On June 17, 1959 State v. Mount, 30 N.J. 195, was decided by the Supreme Court, and although that case was reversed because of prejudicial error allegedly made by the trial court in the selection of the jury, the court referred to the fact that since the defendant had raised the issue as to the trial court's exclusion of the general background testimony offered on his behalf and this would undoubtedly be presented at the new trial, the court decided to deal with this question and as a result re-examined the decision of State v. Wise, 19 N.J. 59 (1955), and concluded that if the punishment is at all to fit the offender as well as the crime, a defendant is entitled to have at least the evidence of general background before a jury.
*510 In dealing with the present application it must be remembered that in State v. Mount, supra, the trial court had rejected offered evidence with reference to past life and antecedent background as irrelevant to the issue of guilt or innocence, and ruled that under settled authority this evidence is properly excluded from the jury's deliberation in determining whether or not to recommend life imprisonment. State v. Wise, supra. The present application seeks a new trial but only on a basis that a right exists on the part of a defendant to introduce evidence of past life and antecedent background. It is not alleged that such an attempt to introduce such testimony was frustrated by the trial court. The present counsel in his memorandum refers to trial counsel as "able and competent." These able and competent counsel saw fit not to permit their clients to take the witness stand. The Supreme Court felt that trial counsels' decision not to put the defendants on the witness stand or introduce evidence in their behalf "was motivated largely by the belief that the criminal records of two of them and their use of narcotics would adversely affect the assessment of punishment." State v. Johnson, supra, 34 N.J., at page 231. If the defendants had taken the witness stand and no questions were asked concerning their past lives and antecedent backgrounds, it could be inferred that these questions were not asked because of counsels' acquaintance with Wise, supra. However, the record indicates that the principal and possibly the sole reason they did not take the stand was given in the Supreme Court opinion.
While the present attorney feels that evidence of the background as he has accumulated same at this late date might save the defendants from the extreme punishment, the trial attorneys concluded during the actual trial that to keep the background of the defendants from the jury would probably result in "life not electrocution." 63 N.J. Super. 16, 36 (Law Div. 1960).
*511 "* * * [A]lmost any judge or lawyer can point to potential mistakes in reviewing the record of a lost cause; and that even trial counsel, having lost, can almost invariably enumerate what in the hindsight of disaster appear to have been errors. * * * Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of possibly doubtful credibility or with a criminal record; whether to risk crystallizing the view of the judge at that point by a motion for directed verdict before the defense testimony is in; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether to advise the defendant not to go to trial at all but rather to rely upon the mercy of the court. All these and more are practical questions and very real questions. Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues." (Emphasis added) Mitchell v. United States, 104 U.S. App. D.C. 57, 259 F.2d 787, at pp. 791-792 (1958), cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).
This application lacks merit and will, therefore, be denied.