Clifford JEFFERSON, Plaintiff,

v.

Robert A. HEINZE, Warden of Folsom State Prison, at Folsom, California; Richard A. McGee, Administrator of Prison, for the State of California; Walter Dumbar, Director of Correction, for the State of California; and Lorence E. Wilson, Warden of the State Prison at Soledad, California, Defendants.

Misc. No. 1448.

United States District Court
N. D. California, N. D.

Jan. 26, 1962.

Clifford Jefferson, in pro. per.
No appearance for defendants.

HALBERT, District Judge.

Plaintiff has submitted to this Court a "Motion for leave to proceed in Forma pauperis on petition for a Writ of Mandamus, and/or petition for a Writ of Habeas Corpus, * * *." sought to be joined with a complaint for slander and conspiracy to violate the Federal Civil Rights Act (Title 42 U.S.C.A. § 1981 et seq.). Plaintiff bases his proposed complaint on the alleged fact that, under prison regulations at Folsom State Prison, he, a Negro, was ordered separated from certain Caucasian friends, and was referred to as a "Muslim." In connection with plaintiff's allegation of racial discrimination against him is an allegation that he was transferred, with other Negro prisoners, to the Isolation Section of Soledad State Prison.

Preliminarily, it should be noted that plaintiff can be permitted to proceed in forma pauperis only if his proposed proceeding has merit. Leave to proceed in forma pauperis is a privilege and not a right, and if this Court determines that the proposed proceeding is without merit, this Court is duty bound to forthwith deny leave to proceed in forma pauperis (Meek v. City of Sacramento, D.C., 132 F. Supp. 546).

A fatal defect of plaintiff's proposed complaint is his failure to show that the asserted Federal rights, which he contends have been infringed, could not be preserved by proper proceedings in the State courts. This Court must assume, and it does assume until the contrary is made to affirmatively appear, that the courts of the State of California will do their duty and fully protect all of the legal rights secured to plaintiff under the Constitution and laws of the United States (Nichols v. McGee, D.C., 169 F. Supp. 721).

Further, Federal courts do not, apart from due process considerations, have the power to supervise or regulate the ordinary control, management and discipline of the inmates of prisons operated by the several states (State of Oregon ex rel. Sherwood v. Gladden, 9 Cir., 240 F.2d 910; United States ex rel. Wagner v. Ragen, 7 Cir., 213 F.2d 294; and Adams v. Ellis, 5 Cir., 197 F.2d 483). The Civil Rights Statutes confer no such power upon the Federal courts (Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632).

As part of the prayer in this proceeding, plaintiff asks the Court to appoint "an attorney to represent petitioner on all matters" contained in his proposed proceeding. Plaintiff's proposed proceeding is clearly a civil action, and as such, the right "to have the assistance of counsel for his defense" provided for in the Sixth Amendment to the Constitution of the United States and the Federal Rules of Criminal Procedure, rule 44, 18 U.S.C.A., has no application to this proceeding (See: Schlette v. People, 9 Cir., 284 F.2d 827; Muhlenbroich v. Heinze,

9 Cir., 281 F.2d 881; Anderson v. Heinze, 9 Cir., 258 F.2d 479; Graeber v. Schneckloth, 9 Cir., 241 F.2d 710; Reid v. Charney, 6 Cir., 235 F.2d 47; Collins v. Heinze, 9 Cir., 217 F.2d 62; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857; Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686; Brown v. Johnston, 9 Cir., 91 F.2d 370; and De Maris v. United States, D.C., 187 F.Supp. 273).

In appropriate civil cases, the appointment of counsel well may be proper and desirable, both for the protection of a litigant and the assistance of the Court, but a Court is not required to appoint an attorney for such purposes (See: Dorsey v. Gill, supra). Absent unusual circumstances, an indigent civil litigant is not entitled, as a matter of right, to have an attorney assigned to assist him with his litigation (Schlette v. People, supra; Muhlenbroich v. Heinze, supra; Anderson v. Heinze, supra; and United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751). The requisite unusual circumstances have not been made apparent in this proceeding. This is an adequate reason for a refusal to appoint counsel to represent plaintiff.

Furthermore, in a civil proceeding, such as this one, there is no possible need for the assignment of counsel if it is patent to the Court that the proceeding does not have at least ostensible merit (Ligare v. Harries, 7 Cir., 128 F.2d 582).

The issues attempted to be raised by plaintiff have been considered by this Court in Nichols v. McGee, supra, (An appeal in that case was dismissed by the Supreme Court of the United States. See: 361 U.S. 6, 80 S.Ct. 90, 4 L.Ed.2d 52). It was there held that the actions of prison officials in maintaining segregated cells, lineups, and dining rooms did not violate any constitutional rights of the petitioner in that case. The only additional complaint sought to be made by plaintiff in this proceeding relates to his temporary transfer from Folsom Prison to Soledad Prison. What plaintiff thus seeks to make the subject of a cause of action is clearly a matter of prison admin-

istration, and is beyond the jurisdiction of this Court. This Court having found that this proceeding is without legal merit, this is a further reason why counsel cannot, and will not, be assigned to plaintiff as requested.

Since plaintiff could avail himself nothing by the filing of his proposed complaint, his motion seeking permission to proceed in forma pauperis must be denied (See: Meek v. City of Sacramento, supra, and authorities there cited), and counsel will not be assigned to him.

IT IS, THEREFORE, ORDERED that plaintiff's motion to file his proposed complaint in forma pauperis be, and the same is, hereby denied;

AND IT IS FURTHER ORDERED that plaintiff's prayer that he be assigned counsel to represent him in connection with this proceeding be, and the same is, hereby denied.