**William Grant TEMPLE, Plaintiff,**

v.

**Robert PERGAMENT, and Gerard L. Gormley, Defendants.**

**Civ. No. 177–64.**

United States District Court
D. New Jersey.

Oct. 14, 1964.

William Grant Temple, pro se.

Murray Fredericks, Atlantic City, N. J., for defendant Robert Pergament.

DeBrier & Wallen, Atlantic City, N. J., by Daniel DeBrier, Atlantic City, N. J., for defendant Gerard L. Gormley.

COHEN, District Judge:

This is a Civil Rights action brought under the *Civil Rights Act.*[1] Application has been made by William Grant Temple, an inmate of the New Jersey State Prison, for the appointment of an attorney, pursuant to 28 U.S.C. § 1915,[2] to assist him in the prosecution of a civil complaint seeking money damages for alleged violations of his civil rights. Complaint was filed against Robert Pergament, an Atlantic City Detective, and Gerard L. Gormley, the Atlantic County Sheriff, and will be considered for its legal sufficiency along with application for legal counsel. For in a civil proceeding, if the complaint is patently without merit, no need for the appointment of legal counsel would exist. Jefferson v. Heinze, 201 F.Supp. 606 (N.D. Calif., N.D.1962), (citing authorities).

The plaintiff is presently serving a 3 to 7 year New Jersey State imprisonment sentence for a conviction of crime in Atlantic County, certain aspects of which conviction are made the bases for complaint. Substantially the same chronological events and basic allegations formed the subject matter of a petition for a *Writ of Habeas Corpus* previously filed by plaintiff and dismissed by this Court.[3]

The complaint, while lacking legal artistry, has been considered by the Court with utmost liberality [4] both as to specification of alleged wrongful conduct as well as violation of asserted civil rights. 42 U.S.C. § 1981 et seq., supra.

The wrongful conduct attributed to defendant Pergament is that in his capacity as a law officer he caused "certain erroneous statements to be made public in a process of criminal defamation against my person." The precise allegation of wrongdoing is that on November 28, 1962, at 9:30 A.M., while plaintiff was under arrest and in custody in the Atlantic City Jail as a suspect for breaking and entering a certain apartment in Atlantic City, he was interrogated by defendant Pergament regarding fingerprints found at the site of an unrelated burglary committed at the Pittsburgh Plate Glass Co., in Atlantic City, and for which he was later charged, convicted, and is presently imprisoned. It is alleged that this defendant threatened him with high bail unless he confessed, and that defendant's conduct indicated a "pattern" to have plaintiff "tried, convicted and sentenced on the basis of my past record without 'due process of law.'" More particularly it is charged that the fingerprints in question were not plaintiff's, but were used as a "legal weapon" to make him appear guilty "without benefit of 'due process of law'", and that, therefore, he was "deprived of life, liberty or property without due process of law * *," and being in ill health and emotionally

1. 42 U.S.C. § 1981 et seq., the relevant sections of which are: sec. 1981 declares existence of Equal Rights under the law; sec. 1982 declares for Equal Property Rights for all citizens; sec. 1983 provides civil actions at law for deprivation of rights; sec. 1984 pertains to review by the Supreme Court; sec. 1985 relates to conspiracy to interfere with civil rights; and sec. 1986 imposes civil liability upon one who neglects to prevent wrong occasioned by conspiracy.

2. 28 U.S.C. § 1915 "(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress. * * * (d) The Court may request an attorney to represent any person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

3. Application for a *Writ of Habeas Corpus*, § 2241 et seq., *in forma pauperis*, 28 U.S.C. § 1915, *supra*, was made and denied by this Court, October 14, 1963 (Civil No. 862–63) upon Memorandum and Order, for failure to exhaust State remedies then available to applicant in the Appellate Courts of New Jersey.

4. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945).

upset, he "was a contemplated defendant and an easy prey for further criminal defamation."

The initial complaint was for "defamation." It sought a "retraction" by Pergament disassociating plaintiff from the fingerprints in question, which had been attributed to him. Later, the complaint was amended demanding general and punitive damages.

■■ The narrative complaint lodged against Pergament does not, even if accepted as a true and accurate statement of fact, constitute a legally sufficient cause of action cognizable by a federal court. The bare charge that plaintiff was "deprived of life, liberty or property without due process of law" will not remedy a complaint, otherwise materially and fatally defective, so as to bring the asserted claim within the purview of the 14th Amendment to the Constitution, or within those decisions of the Supreme Court of the United States, interpreting the "due process" clause. And while it may not be legally necessary to allege discrimination, or exhaustion of state remedies, to secure the protections guaranteed by the Constitution of the United States, or invoke the vindicative civil damage provisions of the *Civil Rights Act, supra,* a judicially cognizable statement of actionable gravamen must appear patently in the complaint as with any other civil action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Cohen v. Norris, 300 F.2d 24 (9 Cir. 1962); Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Jefferson v. Heinze, supra.

The most that appears here is a private wrong—an alleged defamation. This, if it has any merit at all, is not such as was contemplated, by the *14th Amendment* to the Constitution, or the *Civil Rights Act, supra.* There is ample remedy under the laws of the State of New Jersey. R.S. 2A:43–1 N.J.S.A., Rogers v. Courier Post Co., 2 N.J. 393, 66 A.2d 869 (1949). Consequently, the complaint against defendant Robert Pergament will be dismissed for failure to state a cause of action upon which relief can be granted.

Turning next to the complaint as it is directed against defendant Gerard L. Gormley, Sheriff of Atlantic County, like liberality of construction is afforded to plaintiff in assessing the legal sufficiency of this complaint. Rice v. Olson, supra.

The wrongful conduct attributed to Gormley, in his capacity as Sheriff of the Atlantic County Jail, follows: After transfer from the Atlantic City Jail, where he had been under arrest since November 28, 1962, to the Atlantic County Jail, on December 7, 1962, he "was held in a state of incommunicado for approximately three weeks." Further, that oral and written requests to telephone for legal aid, and for family help and tranquilizers were denied; that he was moved into every section of the jail (admittedly at his own request); that various items of his clothing were taken by persons unknown; that he was forcibly and physically attacked by other inmates of the county jail necessitating the help and assistance of guards. These incidents are used to denote "cruel and unusual punishment inflicted upon my person under circumstances over which I had no control." Plaintiff seeks damages for these alleged injuries.

■ Plaintiff's own precise narrative statements deflate the rhetorical platitudes of "denial of due process," "cruel and unusual punishment," "put in jeopardy of life or limb," "deprival of life or liberty," so understandably invoked by those who flail against prison walls. However, closest scrutiny of the conduct here questioned discloses only complaint regarding matters peculiar to the ordinary control and management of a county penal institution, and the supervision and discipline of its inmates. The instant complaint is distinguishable from United States v. Pate, 223 F.Supp. 202 (N.D.Ill.E.D.1963), where the Court inquired into the conduct of prison officials which resulted in a prisoner being classified as the result of a prison fracas, so as to deprive him of the benefit of ulti-

mate parole review. This was considered sufficient showing of an unwarranted extension of punishment contrary to law which would defeat a motion to dismiss the complaint. Such are none of the effects alleged here. Likewise, in Redding v. Pate, 220 F.Supp. 124 (N.D.Ill.E.D. 1963), the complaint set forth that the prison inmate was deprived of medication despite knowledge of the prison officials that he was an "epileptic." Hence, the trial court's refusal to dismiss the complaint was based upon circumstances which, upon the merits, may have brought the action within the ambit of the *Civil Rights Act, supra.* No such forceful circumstances appear here. Additionally, the allegation regarding legal aid and family help is specious on its face. The plaintiff had been under arrest and in the City and County jails for some time. Even a casual reading of the complaint discloses plaintiff's experience with police investigatory procedures, the innumerable opportunities afforded to obtain legal counsel during the times here in question, and that these desires came as an afterthought generated solely as a frivolous means of invoking this court's jurisdiction. Absent a clear showing of facts indicating a denial of due process of law on the face of the complaint, or a statement with like clarity of a violation under the *Civil Rights Act, supra,* such are matters particularly within the province of state courts. Jefferson v. Heinze, supra. It is incumbent upon a federal court to assume that a state court, in the performance of its duty, will afford equal protection to an individual's legal rights under the constitutions and laws of both the United States and the States. Kirby v. Warden Md. Penitentiary, 296 F.2d 151 (4 Cir. 1961), cert. den. 368 U.S. 1002, 82 S.Ct. 635, 7 L.Ed.2d 541; Nichols v. McGee, 169 F.Supp. 721 (D.C.Calif. 1959), from which appeal was dismissed, 361 U.S. 6, 80 S.Ct. 90, 4 L.Ed.2d 52 (1959); Wilson v. North Carolina, 169 U.S. 586, 596, 18 S.Ct. 435, 42 L.Ed. 865 (1897).

The complaint when gauged against the *Civil Rights Act, supra,* as invoked by the plaintiff patently fails to state a cause of action. There is no showing that he was discriminated against, or suffered deprivation, through state action in the denial of equal protection of the laws in a manner different from the treatment of others similarly situated (42 U.S.C. § 1981, ante.); nor that he was discriminated against, or suffered deprivation, regarding his real or personal property [he merely asserts loss of personal property while in jail caused by "persons unknown"] 42 U.S.C. § 1982, ante; nor that he was deprived of civil rights by being subjected to the ordinary customary and uniform administration of the Atlantic County Jail and the internal discipline of its inmates (42 U.S.C. § 1983); nor that a conspiracy by 2 or more persons, to do any or all of the things complained of existed (42 U.S.C. §§ 1985, 1986, ante.). Egan v. City of Aurora, 291 F.2d 706 (7 Cir. 1961); cf. Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961); Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937 (1951); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943).

This complaint, lacking legally sufficient merit on its face to sustain the asserted causes of action, is deemed demonstratively frivolous and, consequently, it is dismissed hereby *sua sponte*; plaintiff's application in *forma pauperis* for the appointment of legal counsel is denied.

It is therefore ordered that the complaint as amended, filed in this matter against defendants Robert Pergament and Gerard L. Gormley, be and the same is hereby dismissed;

And it is further ordered that plaintiff's application for the appointment of legal counsel to represent him in connection with the prosecution of this civil action be and the same is hereby denied.