Stanley **KREGGER**, Plaintiff,

v.

Samuel **POSNER**, Defendant.
Civ. No. 26817.

United States District Court
E. D. Michigan, S. D.
Jan. 3, 1966.

Stanley Kregger, in pro. per.

Samuel Posner, in pro. per.

KAESS, District Judge.

Plaintiff in this action is an inmate of the State Prison for Southern Michigan, at Jackson, Michigan. Defendant is a licensed attorney practicing in Detroit, Michigan. The complaint alleges, in substance, that defendant fraudulently obtained $2,500.00 from plaintiff by promising to obtain a new trial for plaintiff and then breaching the contract by failing to adequately present plaintiff's case to the proper courts. There are also allegations of negligence and malpractice.

Defendant moves that the complaint be dismissed on the ground that this court lacks jurisdiction over the subject matter of the action.

The plaintiff seeks to recover damages from defendant under the Civil Rights Act, 42 U.S.C. § 1983.

Section 1983 of Title 42, United States Code, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitu-

tion and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ The statutory prerequisites to an action under this section are that the defendant act "under color of" state or local law, and that the plaintiff be subjected to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963); Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962); Cox v. Shepherd, 199 F. Supp. 140 (S.D.Cal.1961); Smith v. Jennings, 148 F.Supp. 641 (W.D.Mich. 1957).

■ In the instant action plaintiff is unable to meet either requirement. It is not the deprivation of rights by private individuals acting in their private capacity for which this section offers redress, but the deprivation of rights by persons acting "under color of" state law. In order that defendant's action be "under color of" state law, there must be a "[m]isuse of power, possessed by virtue of state law." Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed. 2d 492 (1960), United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

■ An attorney's status as an "officer of the court" does not make him an officer of the state or of a governmental subdivision thereof. He is just another private individual for the purposes of Section 1983, and a professional act by him could not be considered an act done under color of state authority. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa. 1964); Rhodes v. Meyer, 225 F.Supp. 80, 93–94 (D.Neb.1963).

■ With regard to the second requirement, a cause of action under this section arises only where a right, privilege or immunity created by the Federal Constitution has been violated. E. g., Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Mueller v. Powell, 203 F.2d 797 (8th Cir. 1953); Charters v. Shaffer, 181 F.2d 764 (3rd Cir. 1950). Nowhere in his complaint does the plaintiff here specify the constitutional rights which he claims have been denied him. He merely makes general allegations of denial of "due process", "equal protection", etc.

It is true that the court should view the allegations in a complaint for damages under this section prepared by a prison inmate, without benefit of counsel, as liberally as possible. Gale v. Wagg, 140 F.Supp. 6 (E.D.Mich.1956); Mattheis v. Hoyt, 136 F.Supp. 119 (W.D. Mich.1955). However, it is virtually impossible to construe this complaint as stating a cause of action for deprivation of civil rights. The only allegations of fact are that plaintiff paid $2,500.00 to defendant on the defendant's promise to obtain a new trial for plaintiff and that defendant failed to obtain a new trial. The only possible federal right that plaintiff was denied would be the deprivation of the right to the effective assistance of counsel, and there are no facts alleged which would support such a claim. In an action for damages under the Civil Rights Act, the plaintiff must allege highly specific facts. It is not sufficient to state conclusionary allegations without support in the facts alleged. United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3rd Cir.), cert. denied, 372 U.S. 931, 83 S.Ct. 878 (1962); Pugliano v. Staziak, supra; Roberts v. Barbosa, 227 F.Supp. 20 (S.D. Cal.1964).

This complaint does not fulfill either prerequisite to an action under § 1983 and thus fails to state a cause of action within the jurisdiction of this court. 42 U.S.C. § 1983, 28 U.S.C. § 1343.

■ Furthermore, even if this complaint were deemed sufficient to state a cause of action under this section, it is clear that plaintiff has in no way been deprived of any constitutional right. In order that habeas corpus or similar relief may be granted a prisoner on the ground of lack of effective assistance of counsel, there must be more than a question of the efficacy of certain trial tactics or possible error in judgment of the

 

attorney. Black v. United States, 269 F.2d 38, 42 (9th Cir.), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1959); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 794 (1958); Washington v. United States, 297 F.2d 342 (9th Cir.), cert. denied, 370 U.S. 949, 82 S.Ct. 1597, 8 L.Ed.2d 815 (1962). Surely no less should be required in a civil action for damages predicated on the deprivation of the right to effective assistance of counsel. Plaintiff was represented both at trial and on appeal by attorneys of his own choosing and there are no facts alleged which allow an inference of incompetence of either. In fact, the work done by defendant seems to have been of the highest quality, and, while this court does not normally determine or comment on fees, it appears that the services rendered by defendant far exceed the compensation he received.[1]

Even if, in the alternative, this action for damages is, as appears from the allegations in the complaint, merely an action for breach of contract or negligence, rather than one for denial of federal rights, privileges or immunities, this court has no jurisdiction as there is no diversity of citizenship and no federal question involved.

Plaintiff has moved the court to appoint counsel to represent him in this action. Section 1915(d), Title 28, United States Code, provides that the court may request an attorney to represent a citizen who makes an affidavit that he is unable to pay costs or give security therefor in a civil action. However, plaintiff has no right to the appointment of counsel in a civil action. Jefferson v. Heinze, 201 F.Supp. 606 (N.D.Cal. 1962) and I do not believe that it is necessary or desirable in this action. It is the policy of this court not to request counsel to represent one in a civil action except on a compelling and meritorious ground. See, Ligare v. Harries, 128 F.2d 582 (7th Cir. 1942); Jefferson v. Heinze, supra; De Maris v. United States, 187 F.Supp. 273 (S.D.Ind.1960).

Therefore, it is ordered that defendant's Motion To Dismiss is granted and that plaintiff's Motion For Appointment of Counsel is denied.

---

[1] After obtaining the records and transcript of plaintiff's trial and doing the necessary legal research, defendant prepared and filed the following:

1. Application for leave to file a Delayed Appeal to Michigan Supreme Court, with brief in support thereof;
2. Petition for Reconsideration by the Michigan Supreme Court, with additional brief in support thereof;
3. Petition for Writ of Certiorari to the United States Supreme Court, with brief in support thereof;
4. Petition for Writ of Habeas Corpus with United States District Court for Eastern District of Michigan, Southern Division, with brief in support thereof;
5. Answer and brief in response to Answer of Attorney General of Michigan to Habeas Corpus petition;
6. Oral hearing before Judge Theodore Levin, with supplemental brief requested by Judge Levin;
7. Claim of Appeal to Court of Appeals for Sixth Circuit Court (the appeal was continued by plaintiff in propria persona).

A complaint against defendant, filed by plaintiff with the Michigan State Bar Association Grievance Committee, has been dismissed after investigation.