John **KEEN**

v.

The **PHILADELPHIA DAILY NEWS**
and
**Philadelphia Newspapers Inc.**
and
**An unknown Newspaper Reporter, Philadelphia Daily News.**

Civ. A. No. 70–3515.

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1971.

John Keen, pro se.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Petitioner, a state prisoner presently incarcerated in the Western State Correctional Institution at Pittsburgh, Pennsylvania, filed the instant suit in which he seeks leave to proceed in forma pauperis. In this suit the petitioner seeks to recover over $300,000 in damages from the defendants under the Civil Rights Act, 42 U.S.C.A. § 1983 et seq. The substance of petitioner's complaint is that an unnamed reporter wrote an article which appeared in the defendant newspaper which was "a libelous and slanderous report stating that the plaintiff had committed the infamous crime of Rape-Murder." Complaint p. 2.

██ In order to state a claim under the Civil Rights Act "(1) the conduct complained of must have been done by some person acting under color of law; * * *" Basista v. Weir, 340 F.2d 74, 79 (3rd Cir. 1965). Therefore, in order to state a valid claim in the instant case the reporter and/or the newspaper must act under color of state law. However, it is clear that none of the named defendants act under color of state law. See Chicago Joint Board, etc. v. Chicago Tribune Co., 435 F.2d 470 (7th Cir. 1970).

Furthermore, an essential element of a claim brought under the Civil Rights Act is that the act complained of "must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." Basista v. Weir, 340 F.2d 74, 79 (3rd Cir. 1965). This Court has often held that mere tortious conduct does not violate any rights secured by the Constitution and laws of the United States. Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3rd Cir.), cert. denied 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); Commonwealth ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3rd Cir. 1966), cert. denied 386 U.S. 925, 87 S.Ct. 899, 17 L. Ed.2d 797 (1967); Lovelace v. Leechburg Area School District, 310 F.Supp. 579 (W.D.Pa.1970). It is clear to this Court that plaintiff's claim is an ordinary libel action and as such is not cognizable under the Civil Rights Act. As the court stated in Temple v. Pergament, 235 F.Supp. 242, 244 (D.N.J.1964), aff'd 343 F.2d 474 (3rd Cir. 1965), "[t]he most that appears here is a private wrong—an alleged defamation. This, if it has any merit at all, is not such as was contemplated, by the *14th Amendment* to the Constitution, or the *Civil Rights Act.* * * *" See also United States ex rel. Thomas v. Triangle Publishing Inc., Civil Action No. 70–139 (E.D.Pa. April 3, 1970); Hopkins v. Wasson, 227 F.Supp. 278 (E.D.Tenn.1962), aff'd 329

F.2d 67 (6th Cir.), cert. denied 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57 (1964).

Since none of the named defendants act under color of state law and since plaintiff's claim is not cognizable under the Civil Rights Act, the Court finds this action to be frivolous and totally without merit. As such, we feel constrained to deny plaintiff's request to proceed in forma pauperis.