274 N.J. Super. 282 (1994)
644 A.2d 102
JOHN A. CAPPELLO, PLAINTIFF-RESPONDENT,
v.
JOHN R. SCOTT, DEFENDANT-APPELLANT, AND JOHN DOE, RICHARD ROE, ABC AND XYZ, INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1994.
Decided May 27, 1994.
Before Judges BRODY, STERN and KEEFE.
R. Gregory Leonard argued the cause for appellant (Leonard & Butler, attorneys; Mr. Leonard, on the brief).
*283 James J. Higgins argued the cause for respondent (Boyar, Higgins & Suozzo, attorneys; Mr. Higgins, on the brief).
Argued (telephonically) April 14, 1994.
The opinion of the court was delivered by BRODY, P.J.A.D.
Plaintiff, a Town of Dover police officer, brought this defamation action against, among others, John R. Scott, Esq. (defendant), an attorney who had drafted and filed a civil complaint against him. That complaint charged plaintiff with having used excessive force in making an unlawful arrest of defendant's client, James B. Jodway, the plaintiff in that action. Shortly after filing that complaint, defendant related what appears to be a fair account of its contents to a newspaper, which published what he said. Plaintiff contends in this action that defendant had recounted the contents of the complaint maliciously because either he knew that the facts recited therein were false or he recklessly disregarded whether they were false.
Before filing an answer in the present action, defendant moved for dismissal on the ground that plaintiff's claims are not actionable because defendant's statements to the press, the alleged defamation, were privileged. The trial judge denied the motion after the parties converted it to a motion for summary judgment by submitting evidence. The judge essentially concluded that it was premature to decide the motion because a clearer picture of the facts material to the scope and availability of a qualified privilege required discovery, and perhaps a trial.
We granted defendant leave to appeal from the resulting interlocutory order to decide an issue that defendant had raised but the trial judge did not decide. Defendant argued that on the face of the complaint it is apparent that he was entitled to the absolute privilege that attaches to statements made by an attorney in judicial proceedings. He reasoned that the absolute privilege he enjoyed respecting the statements he made in the filed complaint, a public record, also attached to the statements he made to the *284 press because they fairly recounted the contents of the complaint. We disagree.
An attorney may have an absolute privilege to defame a person by statements in a filed complaint. It has been said that such absolute freedom of expression is needed to secure a just result in court for the attorney's client. Restatement (Second) of Torts, § 586, comment a (1977). That reason for an absolute privilege is not present when the attorney repeats the defamation outside the judicial arena. When an attorney repeats the contents of a defamatory complaint to the press, he is protected in making those statements only by the same qualified privilege extended to others who publish the contents of a filed complaint. "A full, fair and accurate report of a judicial proceeding is qualifiedly privileged, although the report contains matters that would otherwise be defamatory and actionable, and no action will lie therefor except on proof of malice in making it." Rogers v. Courier Post Co., 2 N.J. 393, 402, 66 A.2d 869 (1949); Reilly v. Gillen, 176 N.J. Super. 321, 327, 423 A.2d 311 (App.Div. 1980). See Citizens State Bk. of N.J. v. Libertelli, 215 N.J. Super. 190, 199, 521 A.2d 867 (App.Div. 1987) (distribution of court-filed documents not absolutely privileged); Barto v. Felix, 250 Pa.Super. 262, 378 A.2d 927, 930 (1977) (attorney has qualified privilege to relate to press contents of his filed brief).
Thus, defendant has only a qualified privilege respecting his communication to the press. We agree with the trial judge that it is premature to decide whether defendant maliciously recounted the contents of the complaint to the press.
The order is affirmed and the matter remanded for further proceedings.